**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,    )
                                 )
       Plaintiff,          )
                                 )
vs.                           )      Case No. CR-21-129-TDD
                                 )
COLE BLACK GROGAN,         )
                               )
       Defendant.      )

**<u>ORDER</u>**

Before the Court is Defendant's Motion to Stay Proceedings for Jurisdictional Rulings [Doc. No. 31].  At the Court's direction, Defendant has filed a Supplemental Brief [Doc. No. 33] addressing the impact of the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and the government has filed a Response [Doc. No. 35].  Upon consideration, the Court finds that the Motion should be denied.

Defendant asks for an indefinite stay of further proceedings in this case to await the disposition of "two appeals that may affect the jurisdictional landscape," namely, *Bosse v. State*, 484 P.3d 286 (Okla. Crim. App. 2021), *petition for cert. filed*, Case No. 21-186 (U.S. Aug. 6, 2021), and *State ex rel. Matloff v. Wallace*, 2021 OK CR 15, 2021 WL 2069659 (Okla. Crim. App. May 21, 2021) (order granting stay and directing supplemental briefing). Defendant asserts that a jurisdictional defect in his state court case based on *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), "may not be as absolute and unwaivable as Oklahoma state courts, including Mr. Grogan's state court, have treated it so far."  *See* Mot. at 1. Defendant argues that possible rulings in the pending appeals could mean "the vacatur of

his original conviction was in error" and concurrent jurisdiction exists in state and federal courts, and that clarifying the law is "necessary to allow the parties to make a fully informed decision as to how best to resolve [this] case." *Id*. at 3.  Regarding the Speedy Trial Act, Defendant urges the Court to grant an ends-of-justice continuance under 18 U.S.C. § 3161(h)(7) based on a finding that this case "is so unusual . . . due to . . . the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" of the Act. *See* Suppl. Br. at 1 (quoting 18 U.S.C. § 3161(h)(7)(B)(ii)).

The government opposes the Motion in all respects.  It asserts that the requested stay would serve no useful purpose because the appellate rulings in *Bosse* and *Matloff* will not affect the charges of the Indictment, over which this Court undoubtedly has jurisdiction, and because the dismissal of Defendant's state court case is final.[1]  The government contends any unresolved question of law has no actual effect on the prosecution of this case and provides no basis for an excludable period of delay under the Speedy Trial Act.  *See* Resp. Br. at 2.  Further, the government contends an indefinite delay of this case to await legal developments regarding *McGirt* would be unreasonable and could be prejudicial, "as evidence can be destroyed, witnesses could die or move away, and other issues may arise which impact the fairness of trial for both the United States and Defendant." *Id*. at 4-5. The government states it does not intend to dismiss its case against Defendant, regardless

---

[1]  The District Court of Cherokee County granted Defendant's motion to dismiss the case in April 2021, and the State of Oklahoma did not appeal.  *See State v. Grogan*, Case No. CF-18-307, Findings of Fact and Order of Dismissal (Cherokee Cnty., Okla. April 12, 2021), https://www.oscn.net/ dockets/GetCaseInformation.aspx?db=cherokee&number=cf-2018-307.

of any future legal rulings regarding Oklahoma's jurisdiction over criminal conduct occurring in Indian Country.  *Id*. at 4.

Upon consideration, the Court finds that Defendant has not shown an indefinite stay of this case is warranted.  Although Defendant cites no legal authority for the requested stay, he presumably intends to invoke the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936).  The utilization of this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55.  A party seeking to stay a case until separate litigation is concluded "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id*. at 255; *see United Steelworkers of Am. v. Oregon Steel Mills, Inc*., 322 F.3d 1222, 1227 (10th Cir. 2003) (identifying factors to consider in assessing the propriety of a stay).

Here, it is understandable that Defendant may wish to know before resolving this case whether he could be prosecuted in state court for the same alleged conduct.  However, the prospect of dual prosecutions by two sovereigns is not unique and does not provide a basis to toll the Speedy Trial Act.  Defendant can prepare for a trial of the charges in the Indictment without knowing whether he might also have to face similar charges in state court later (assuming his dismissed state case could be reinstated).  Particularly in light of the United States' stated intention to prosecute this case regardless of any later finding of concurrent state court jurisdiction, a stay of this case would not serve the interest of justice.

Under these circumstances, an ends-of-justice continuance under the Speedy Trial Act is not available.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Proceedings for Jurisdictional Rulings [Doc. No. 31] is **DENIED**.

**IT IS SO ORDERED** this 13th day of August, 2021.

_____

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE